2010 OK 90

In re **OKLAHOMA CODE OF JUDICIAL CONDUCT (Title 5, Ch. 1 App. 4).**

**SCBD No. 5704.**

Supreme Court of Oklahoma.

Dec. 13, 2010.

As Corrected Jan. 11, 2011.

**ORDER APPROVING PROPOSED**

*OKLAHOMA CODE OF JUDICIAL CONDUCT*

This matter comes on before this Court upon an Application to amend the Oklahoma Code of Judicial Conduct at Title 5, Ch. 1 App. 4. This Court finds that it has jurisdiction over this matter and that an Order should enter as follows:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the Application of the Oklahoma Bar Association for approval of the proposed Oklahoma Code of Judicial Conduct attached hereto as Appendix A is hereby granted.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Code of Judicial Conduct shall be published two times in the *Oklahoma Bar Journal,* and on the Oklahoma Bar Association Web site within 60 days of the execution of this Order.

The proposed Oklahoma Code of Judicial Conduct approved and adopted by the Court by this Order shall have an effective date of April 15, 2011.

DONE BY ORDER OF THE SUPREME COURT this 13th day of December, 2010.

/s/JAMES E. EDMONDSON
CHIEF JUSTICE

EDMONDSON, C.J., TAYLOR, V.C.J., HARGRAVE, KAUGER, WATT, WINCHESTER, COLBERT, JJ., concur.

REIF, J., not participating.

APPENDIX

PROPOSED

*OKLAHOMA CODE OF JUDICIAL CONDUCT*

(Title 5, Ch. 1 App. 4)

APPENDIX A

THE PROPOSED CODE OF JUDICIAL CONDUCT FOR OKLAHOMA

TABLE OF CONTENTS

| | |
|---|---|
| Preamble | 4 |
| Scope | 5 |
| Terminology | 7 |
| Application | 11 |
| Canon 1 | 15 |
| RULE 1.1 | 15 |
| RULE 1.2 | 15 |
| RULE 1.3 | 16 |
| Canon 2 | 17 |
| RULE 2.1 | 17 |
| RULE 2.2 | 17 |
| RULE 2.3 | 18 |
| RULE 2.4 | 19 |
| RULE 2.5 | 19 |
| RULE 2.6 | 20 |
| RULE 2.7 | 21 |
| RULE 2.8 | 21 |
| RULE 2.9 | 22 |
| RULE 2.10 | 24 |
| RULE 2.11 | 25 |
| RULE 2.12 | 27 |
| RULE 2.13 | 28 |
| RULE 2.14 | 29 |
| RULE 2.15 | 29 |
| RULE 2.16 | 30 |
| Canon 3 | 31 |
| RULE 3.1 | 31 |
| RULE 3.2 | 32 |
| RULE 3.3 | 33 |
| RULE 3.4 | 33 |
| RULE 3.5 | 33 |
| RULE 3.6 | 34 |
| RULE 3.7 | 35 |
| RULE 3.8 | 37 |
| RULE 3.9 | 37 |
| RULE 3.10 | 38 |
| RULE 3.11 | 38 |
| RULE 3.12 | 39 |
| RULE 3.13 | 39 |
| RULE 3.14 | 42 |
| RULE 3.15 | 43 |
| Canon 4 | 44 |
| RULE 4.1 | 44 |
| RULE 4.2 | 48 |
| RULE 4.3 | 49 |
| RULE 4.4 | 50 |
| RULE 4.5 | 51 |
| RULE 4.6 | 52 |

## Preamble

### Proposed New Oklahoma Code

[1] An independent, fair and impartial judiciary is indispensable to our system of justice. The United States legal system is based upon the principle that an independent, impartial, and competent judiciary, composed of men and women of integrity, will interpret and apply the law that governs our society. Thus, the judiciary plays a central role in preserving the principles of justice and the rule of law. Inherent in all the Rules contained in this Code are the precepts that judges, individually and collectively, must respect and honor the judicial office as a public trust and strive to maintain and enhance confidence in the legal system.

[2] Judges should maintain the dignity of judicial office at all times, and avoid both impropriety and the appearance of impropriety in their professional and personal lives. They should aspire at all times to conduct that ensures the greatest possible public confidence in their independence, impartiality, integrity, and competence.

[3] The Oklahoma Code of Judicial Conduct establishes standards for the ethical conduct of judges and judicial candidates. It is not intended as an exhaustive guide for the conduct of judges and judicial candidates, who are governed in their judicial and personal conduct by general ethical standards as well as by this Code. This Code is intended, however, to provide guidance and assist judges in maintaining the highest standards of judicial and personal conduct, and to provide a basis for regulating their conduct through disciplinary agencies.

### Scope

#### Proposed New Oklahoma Code

[1] The Oklahoma Code of Judicial Conduct consists of four Canons, numbered Rules under each Canon, and Comments that generally follow and explain each Rule. Scope and Terminology sections provide additional guidance in interpreting and applying this Code. An Application section establishes

when the various Rules apply to a judge or judicial candidate.

[2] The Canons state overarching principles of judicial ethics that all judges must observe. Although a judge may be disciplined only for violating a Rule, the Canons and Comments provide important guidance in interpreting the Rules. Where the Rules use the term "shall" or "shall not" they establish mandatory standards to which judges and candidates for judicial office will be held. The enforcement of these standards is affected through appropriate disciplinary procedures. Where a Rule contains a permissive term, such as "may" or "should," the conduct being addressed is committed to the personal and professional discretion of the judge or candidate in question, and no disciplinary action should be taken for action or inaction within the bounds of such discretion.

[3] The Comments that accompany the Rules serve two functions. First, they provide guidance regarding the purpose, meaning, and proper application of the Rules. They contain explanatory material and, in some instances, provide examples of permitted or prohibited conduct. Comments neither add to nor subtract from the binding obligations set forth in the Rules. Therefore, when a Comment contains the term "must," it does not mean that the Comment itself is binding or enforceable; it signifies that the Rule in question, properly understood, is obligatory as to the conduct at issue.

[4] Second, the Comments identify aspirational goals for judges. To implement fully the principles of this Code as articulated in the Canons, judges should strive to exceed the standards of conduct established by the Rules, holding themselves to the highest ethical standards and seeking to achieve those aspirational goals, thereby enhancing the dignity of the judicial office.

[5] The Rules of the Oklahoma Code of Judicial Conduct are rules of reason that should be applied consistent with constitutional requirements, statutes, other court rules, and decisional law, and with due regard for all relevant circumstances. The Rules should not be interpreted to impinge upon the essential independence of judges in making judicial decisions.

[6] The Rules are binding and enforceable, however, it is not contemplated that every violation of a Rule will result in imposition of discipline. Whether discipline should be imposed should be determined through a reasonable and reasoned application of the Rule(s), and should depend upon factors such as the seriousness of the violation, the facts and circumstances that existed at the time of the violation, the extent of any pattern of improper activity, whether there have been previous violations of the Rules, and the effect of the improper activity upon the judicial system or others.

[7] The Code is not designed or intended as a basis for civil or criminal liability. Neither is it intended to be the basis for litigants to seek collateral remedies against each other or to obtain tactical advantages in proceedings before a court.

### Terminology

### Proposed New Oklahoma Code

In addition to the definitions found in the section on Terminology a candidate for judicial office should also carefully examine the Ethics Commission Rules found in Title 74, Chapter 62, Appendix, Title 257.

"Aggregate," in relation to contributions for a candidate, means not only contributions in cash or in kind made directly to a candidate's campaign committee, but also all contributions for a candidate made indirectly with the understanding that they will be used to support the election of the candidate or to oppose the election of the candidate's opponent. See Rules 2.11 and 4.4.

"Appropriate authority" means the authority having responsibility for initiation of disciplinary process in connection with the violation to be reported. See Rules 2.14 and 2.15.

"Contribution" shall have the same meaning as that provided for all elections in Oklahoma by the Rules of the Oklahoma Ethics Commission as amended or revised See Rules 2.11, 2.13, 3.1, 3.13, 3.7, 4.1, 4.3, and 4.4.

"De minimis," in the context of interests pertaining to disqualification of a judge, means an insignificant interest that could not raise a reasonable question regarding the judge's impartiality. See Rules 2.11 and 3.8.

"Economic interest" means ownership of more than a de minimis legal or equitable interest. Except for situations in which the judge participates in the management of such a legal or equitable interest, or the interest could be substantially affected by the outcome of a proceeding before a judge, it does not include:

(1) an interest in the individual holdings within a mutual or common investment fund;

(2) an interest in securities held by an educational, religious, charitable, fraternal, or civic organization in which the judge or the judge's spouse, parent, child, or member of the judge's household serves as a director, an officer, an advisor, or other participant;

(3) a deposit in a financial institution or deposits or proprietary interests the judge may maintain as a member of a mutual savings association or credit union, or similar proprietary interests; or

(4) an interest in the issuer of government securities held by the judge.

See Rules 1.3, 2.11, 3.2, 3.8, and 3.13.

"Fiduciary" includes, but is not limited to, relationships such as executor, administrator, trustee, or guardian. See Rules 2.11, 3.2, and 3.8.

"Impartial," "impartiality," and "impartially" mean absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintenance of an open mind in considering issues that may come before a judge. See Canons 1, 2, and 4, and Rules 1.2, 2.2, 2.6, 2.8, 2.10, 2.11, 2.13, 3.1, 3.6, 3.7, 3.13, 4.1, and 4.2.

"Impending matter" is a matter that is imminent or reasonably likely to occur in the near future. See Rules 2.9 and 3.2.

"Impropriety" includes conduct that violates the law, court rules, or provisions of this Code, and conduct that undermines a judge's independence, integrity, or impartiality. See Canon 1 and Rules 1.2, 3.6, and 3.13.

"Independence" means a judge's freedom from influence or controls other than those established by law. See Canons 1 and 4, and Rules 1.2, 2.7, 2.10, 3.1, 3.2, 3.4, 3.7, 3.12, 3.13, 3.14, 4.1, and 4.2.

"Integrity" means probity, fairness, honesty, uprightness, and soundness of character. See Canon 1 and 4, and Rules 1.2, 2.7, 2.10, 2.16, 3.1, 3.2, 3.6, 3.7, 3.12, 3.13, 3.14, 4.1, and 4.2.

"Judicial candidate" means any person, including a sitting judge, who is seeking selection for, or retention in, judicial office by election or appointment. A person becomes a candidate for judicial office as soon as he or she makes a public announcement of candidacy, declares or files as a candidate with the election or appointment authority, authorizes or, where permitted, engages in solicitation or acceptance of contributions or support, or is nominated for election or appointment to office. A Judicial candidate should also examine the definition of a candidate in the Rules of the Ethics Commission, Title 74 Oklahoma Statutes Chapter 62–Appendix–Title 257: when filing for a judicial office. See Rules 2.11, 4.1, 4.2, and 4.4.

"Knowingly," "knowledge," "known," and "knows" mean actual knowledge of the fact in question. A person's knowledge may be inferred from circumstances. See Rules 1.3, 2.9, 2.11, 2.15, 2.16, 3.2, 3.4, and 4.1.

"Law" encompasses court rules as well as statutes, constitutional provisions, and decisional law. See Rules 1.1, 2.1, 2.2, 2.4, 2.6, 2.7, 2.8, 2.9, 2.11, 2.13, 3.1, 3.2, 3.4, 3.7, 3.9, 3.10, 3.12, 3.13, 3.14, 3.15, 4.1, 4.2, 4.4, and 4.5.

"Member of the candidate's family" means a spouse, child, grandchild, parent, grandparent, or other relative or person with whom the candidate maintains a close familial relationship.

"Member of the judge's family" means a spouse, child, grandchild, parent, grandparent, or other relative or person with whom the judge maintains a close familial relationship. See Rules 3.8, and 3.10.

"Member of the judge's household" means any person residing in the judge's home on a permanent basis regardless of the relationship of that person to the judge. See Rules 2.11, 2.13, 3.8, and 3.13.

"Member of the lawyer's household" means any person residing in the lawyer's home on a permanent basis regardless of the relationship of that person to the lawyer. See Rule 2.13(B)

"Nonpublic information" means information that is not available to the public. Nonpublic information may include, but is not limited to, information that is sealed by statute or court order or impounded or communicated in camera, and information offered in grand jury proceedings, presentencing reports, dependency cases, or psychiatric reports. See Rule 3.5.

"Pending matter" is a matter that has commenced. A matter continues to be pending through any appellate process until final disposition or if a court retains jurisdiction of the matter. See Rules 2.9 and 3.2.

"Personally solicit" means a direct request made by a judge or a judicial candidate for financial support or in-kind services, whether made by letter, telephone, or any other means of communication. See Rules 4.1 and 4.3.

"Political organization" means a political party or other group sponsored by or affiliated with a political party or candidate, the principal purpose of which is to further the election or appointment of candidates for political office. For purposes of this Code, the term does not include a judicial candidate's campaign committee created as authorized by Rule 4.4. See Rules 4.1, 4.2, and 4.3.

"Public election" includes primary and general elections, nonpartisan elections, and retention elections. See Rules 4.2 and 4.4.

"Rules of the Ethics Commission" means the Rules of the Oklahoma Ethics Commission found in Title 74 Oklahoma Statutes Chapter 62–Appendix–Title 257, Ethics Commission as they are, and as they may be amended or revised. See Rule 3.12.

"Specialized Courts" means the various types of what are often referred to as "problem solving courts" such as drug courts, mental health courts and juvenile courts. See Application I Comment [3], Rule 2.9(A)(4) and Rule 2.9 Comment 4.

"Spouse" means an individual to whom a judge or judicial candidate is married. See Rules 2.11, 2.13, 3.13, and 3.14.

"Third degree of relationship" includes the following persons: great-grandparent, grandparent, parent, uncle, aunt, brother, sister, child, grandchild, great-grandchild, nephew, and niece. See Rules 2.11 and 2.13.

## Application

### Proposed New Oklahoma Code

The Application section establishes when the various rules apply to a judge or judicial candidate.

### I. Applicability of this Code

(A) The provisions of the Code apply to all full-time judges. Parts II through V of this section identify provisions that apply to the four categories of part-time judges only while they are serving as judges, and provisions that do not apply to part-time judges at any time. Rules that do not appear in Section II through V are therefore applicable to part-time judges at all times. Canon 4 applies to judicial candidates.

(B) A judge, within the meaning of this Code, is anyone who is authorized to perform judicial functions, including an officer such as a magistrate, court commissioner, special master, referee, or member of the administrative law judiciary.

**COMMENT**

[1] The Rules in this Code have been formulated to address the ethical obligations of any person who serves a judicial function, and are premised upon the supposition that a uniform system of ethical principles should apply to all those authorized to perform judicial functions.

[2] The determination of which category and, accordingly, which specific Rules apply to an individual judicial officer, depends upon the facts of the particular judicial service.

[3] In recent years specialized courts have been created in which judges are authorized by court rules to act in nontraditional ways. For example, judges presiding in drug courts and mental health courts who are monitoring the progress of participants in those courts' programs may be authorized and even encouraged to communicate directly with social workers, probation officers, and others outside the context of their usual judicial role as independent decision makers on issues of fact and law. When local rules specifically authorize conduct not otherwise permitted under these Rules, they take precedence over the provisions set forth in the Code. Nevertheless, judges serving on these specialized courts shall comply with this Code except to the extent local rules provide and permit otherwise.

[4] The inclusion of the last phrase in the Application section is to make it clear that the Code not only applies to judges, but it also applies to those who are candidates for judicial office. Candidates, whether sitting judges or not, are subject to discipline under this Code.

## II. RETIRED JUDGE ON ACTIVE STATUS

A retired judge on active status, who by law is not permitted to practice law, is not required to comply:

(A) with Rule 3.9 (Service as Arbitrator or Mediator), except while serving as a judge; or

(B) at any time with Rule 3.8(A) (Appointments to Fiduciary Positions).

**COMMENT**

[1] For the purposes of this section, as long as a retired judge is on active status the judge is considered to "perform judicial functions."

## III. CONTINUING PART–TIME JUDGE

A judge who serves repeatedly on a part-time basis by election or under a continuing appointment,

(A) is not required to comply:

(1) 4.1 (Political and Campaign Activities of Judges and Judicial Candidates in General (A)(1) through (7), except while serving as a judge; or

(2) at any time with Rules 3.4 (Appointments to Governmental Positions), 3.8(A) (Appointments to Fiduciary Positions), 3.9 (Service as Arbitrator or Mediator), 3.10 (Practice of Law), 3.11(B) (Financial, Business, or Remunerative Activities), 3.14 (Reimbursement of Expenses and Waivers of Fees or Charges), and 3.15 (Reporting Requirements), and.

(B) shall not practice law in the court on which the judge serves or in any court subject to the appellate jurisdiction of the court on which the judge serves, and shall not act as a lawyer in a proceeding in which the judge has served as a judge or in any other proceeding related thereto.

**COMMENT**

[1] When a person who has been a continuing part-time judge is no longer a continuing part-time judge, including a retired judge not on active service, that person may act as a lawyer in a proceeding in which he or she has served as a judge or in any other proceeding related thereto only with the informed consent of all parties, and pursuant to any applicable Oklahoma Rules of Professional Conduct including Rule 1.12.

## IV. PERIODIC PART–TIME JUDGE

A periodic part-time judge who serves or expects to serve repeatedly on a part-time basis, but under a separate appointment for each limited period of service or for each matter,

(A) is not required to comply:

(1) with Rule 4.1 (Political and Campaign Activities of Judges and Judicial Candidates in General) (A)(1) through (7), except while serving as a judge; or

(2) at any time with Rules 3.4 (Appointments to Governmental Positions), 3.7 (Participation in Educational, Religious, Charitable, Fraternal, or Civic Organizations and Activities), 3.8 (Appointments to Fiduciary Positions), 3.9 (Service as Arbitrator or Mediator), 3.10 (Practice of Law), 3.11 (Financial, Business, or Remunerative Activities),

3.13 (Acceptance and Reporting of Gifts, Loans, Bequests, Benefits, or Other Things of Value), 3.15 (Reporting Requirements), and 4.5 (Activities of Judges Who Become Candidates for Nonjudicial Office); and

(B) shall not practice law in the court on which the judge serves or in any court subject to the appellate jurisdiction of the court on which the judge serves, and shall not act as a lawyer in a proceeding in which the judge has served as a judge or in any other proceeding related thereto.

## V. PRO TEMPORE PART–TIME JUDGE

A pro tempore part-time judge who serves or expects to serve once or only sporadically on a part-time basis under a separate appointment for each period of service or for each case heard is not required to comply:

(A) except while serving as a judge, with Rules 2.4 (External Influences on Judicial Conduct), or 3.2 (Appearances before Governmental Bodies and Consultation with Government Officials) 4.1 (Political and Campaign Activities of Judge and Judicial Candidates in General (A)(1) through (7); or

(B) at any time with Rules 3.4 (Appointments to Governmental Positions), 3.6 (Affiliation with Discriminatory Organizations), 3.7 (Participation in Educational, Religious, Charitable, Fraternal, or Civic Organizations and Activities), 3.8(A) (Appointments to Fiduciary Positions), 3.9 (Service as Arbitrator or Mediator), 3.10 (Practice of Law), 3.11(B) (Financial, Business, or Remunerative Activities), 3.13 (Acceptance and Reporting of Gifts, Loans, Bequests, Benefits, or Other Things of Value), 3.15 (Reporting Requirements), and 4.5 (Activities of Judges Who Become Candidates for Nonjudicial Office).

## VI. TIME FOR COMPLIANCE

A person to whom this Code becomes applicable shall comply immediately with its provisions, except that those judges to whom Rules 3.8 (Appointments to Fiduciary Positions) and 3.11 (Financial, Business, or Remunerative Activities) apply shall comply with those Rules as soon as reasonably possible, but in no event later than one year after the Code becomes applicable to the judge.

### COMMENT

[1] If serving as a fiduciary when selected as judge, a new judge may, notwithstanding the prohibitions in Rule 3.8, continue to serve as fiduciary, but only for that period of time necessary to avoid serious adverse consequences to the beneficiaries of the fiduciary relationship and in no event longer than one year. Similarly, if engaged at the time of judicial selection in a business activity, a new judge may, notwithstanding the prohibitions in Rule 3.11, continue in that activity for a reasonable period but in no event longer than one year. Similarly, if engaged at the time of judicial selection in a business activity, a new judge may, notwithstanding the prohibitions in Rule 3.11, continue in that activity for a reasonable period but in no event longer than one year.

### Canon 1

### Proposed New Oklahoma Code

#### Canon 1

A judge shall uphold and promote the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety.

### RULE 1.1

#### Compliance with the Law

A judge shall comply with the law, including the Code of Judicial Conduct.

### RULE 1.2

#### Promoting Confidence in the Judiciary

A judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and avoid impropriety and the appearance of impropriety.

#### Comment:

[1] Public confidence in the judiciary is eroded by improper conduct and conduct that creates the appearance of impropriety. This principle applies to both the professional and personal conduct of a judge.

[2] A judge should expect to be the subject of public scrutiny that might be viewed as burdensome if applied to other citizens, and must accept the restrictions imposed by the Code.

[3] Conduct that compromises or appears to compromise the independence, integrity, and impartiality of a judge undermines public confidence in the judiciary. Because it is not practicable to list all such conduct, the Rule is necessarily cast in general terms.

[4] Judges should participate in activities that promote ethical conduct among judges and lawyers, support professionalism within the judiciary and the legal profession, and promote access to justice for all.

[5] Actual improprieties include violations of law, court rules or other specific provisions of this Code. The test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that

the judge violated this Code or engaged in other conduct that reflects adversely on the judge's honesty, impartiality, temperament, or fitness to serve as a judge.

[6] A judge is permitted and encouraged to initiate and participate in community outreach activities for the purpose of promoting public understanding of and confidence in the administration of justice. In conducting such activities, the judge must act in a manner consistent with this Code.

## RULE 1.3

### Avoiding Abuse of the Prestige of Judicial Office

A judge shall not abuse the prestige of judicial office to advance the personal or economic interests of the judge or others, or allow others to do so.

### Comment:

[1] It is improper for a judge to use or attempt to use his or her position to gain personal advantage or deferential treatment of any kind. For example, it would be improper for a judge to allude to his or her judicial status to gain favorable treatment in encounters with traffic officials. Similarly, a judge must not use judicial letterhead to gain an advantage in conducting his or her personal business.

[2] A judge may provide a reference or recommendation for an individual based upon the judge's personal knowledge. The judge may use official letterhead if the judge indicates that the reference is personal and if there is no likelihood that the use of the letterhead would reasonably be perceived as an attempt to exert pressure by reason of the judicial office.

[3] Judges may participate in the process of judicial selection by cooperating with appointing authorities and screening committees, and by responding to inquiries from such entities concerning the professional qualifications of a person being considered for judicial office.

[4] Special considerations arise when judges write or contribute to publications of for-profit entities, whether related or unrelated to the law. A judge should not permit anyone associated with the publication of such materials to exploit the judge's office in a manner that violates this Rule or other applicable law. In contracts for publication of a judge's writing, the judge should retain sufficient control over the advertising to avoid such exploitation.

[5] A judge should not testify unless duly summoned as a character witness. See also Rule 3.3

### Canon 2

### Proposed New Oklahoma Code

### Canon 2

A Judge Shall Perform the Duties of Judicial Office Impartially, Competently, and Diligently.

## RULE 2.1

### Giving Precedence to the Duties of Judicial Office

The duties of judicial office, as prescribed by law, shall take precedence over all of a judge's personal and extrajudicial activities.

**COMMENT**

[1] To ensure that judges are available to fulfill their judicial duties, judges must conduct their personal and extrajudicial activities to minimize the risk of conflicts that would result in frequent disqualification. See Canon 3.

[2] Although it is not a duty of judicial office unless prescribed by law, judges are encouraged to participate in activities that promote public understanding of and confidence in the justice system.

## RULE 2.2

**Impartiality and Fairness**

A judge shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially.

**COMMENT**

[1] To ensure impartiality and fairness to all parties, a judge must be objective and open-minded.

[2] Although each judge comes to the bench with a unique background and personal philosophy, a judge must interpret and apply the law without regard to whether the judge approves or disapproves of the law in question.

[3] When applying and interpreting the law, a judge sometimes may make good-faith errors of fact or law. Errors of this kind do not violate this Rule.

[4] It is not a violation of this Rule for a judge to make reasonable accommodations to ensure pro se litigants the opportunity to have their matters fairly heard.

## RULE 2.3

**Bias, Prejudice, and Harassment**

(A) A judge shall perform the duties of judicial office, including administrative duties, without bias or prejudice.

(B) A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice, or engage in harassment, including but not limited to bias, prejudice, or harassment based upon race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation, and shall not permit court staff, court officials, or others subject to the judge's direction and control to do so.

(C) A judge shall require lawyers in proceedings before the court to refrain from manifesting bias or prejudice, or engaging in harassment, based upon attributes including but not limited to race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation, against parties, witnesses, lawyers, or others.

(D) The restrictions of paragraphs (B) and (C) do not preclude judges or lawyers from making legitimate reference to the listed factors, or similar factors, when they are relevant to an issue in a proceeding.

**COMMENT**

[1] A judge who manifests bias or prejudice in a proceeding impairs the fairness of the proceeding and brings the judiciary into disrepute.

[2] Examples of manifestations of bias or prejudice include but are not limited to epithets; slurs; demeaning nicknames; negative stereotyping; attempted humor based upon stereotypes; threatening, intimidating, or hostile acts; suggestions of connections between race, ethnicity, or nationality and crime; and irrelevant references to personal characteristics. Even facial expressions and body language can convey to parties and lawyers in the proceeding, jurors, the media, and others an appearance of bias or prejudice. A judge must avoid conduct that may reasonably be perceived as hostility or aversion toward a person on bases such as race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation.

[3] Harassment, as referred to in paragraphs (B) and (C), is verbal or physical conduct that denigrates or shows hostility or aversion toward a person on bases such as race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation,

marital status, socioeconomic status, or political affiliation.

[4] Sexual harassment includes but is not limited to sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature that is unwelcome.

## RULE 2.4

### External Influences on Judicial Conduct

(A) A judge shall not be swayed by public clamor or fear of criticism.

(B) A judge shall not permit family, social, political, financial, or other interests or relationships to influence the judge's judicial conduct or judgment.

(C) A judge shall not convey or permit others to convey the impression that any person or organization is in a position to influence the judge.

**COMMENT**

[1] An independent judiciary requires that judges decide cases according to the law and facts, without regard to whether particular laws or litigants are popular or unpopular with the public, the media, government officials, or the judge's friends or family. Confidence in the judiciary is eroded if judicial decision making is perceived to be subject to inappropriate outside influences.

## RULE 2.5

### Competence, Diligence, and Cooperation

(A) A judge shall perform judicial and administrative duties competently and diligently.

(B) A judge shall cooperate with other judges and court officials in the administration of court business.

**COMMENT**

[1] Competence in the performance of judicial duties requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary to perform a judge's responsibilities of judicial office.

[2] A judge should seek the necessary docket time, court staff, expertise, and re-sources to discharge all adjudicative and administrative responsibilities.

[3] Prompt disposition of the court's business requires a judge to devote adequate time to judicial duties, to be punctual in attending court and expeditious in determining matters under submission, and to take reasonable measures to ensure that court officials, litigants, and their lawyers cooperate with the judge to that end.

[4] A judge must demonstrate due regard for the rights of parties to be heard and to have issues resolved without unnecessary cost or delay. A judge should monitor and supervise cases in ways that reduce or eliminate dilatory practices, avoidable delays, and unnecessary costs.

## RULE 2.6

### Ensuring the Right to Be Heard

(A) A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law.

(B) A judge may encourage parties to a proceeding and their lawyers to settle matters in dispute but shall not act in a manner that coerces any party into settlement.

**COMMENT**

[1] The right to be heard is an essential component of a fair and impartial system of justice. Substantive rights of litigants can be protected only if procedures protecting the right to be heard are observed.

[2] The judge plays an important role in overseeing the settlement of disputes, but should be careful that efforts to further settlement do not undermine any party's right to be heard according to law. The judge should keep in mind the effect that the judge's participation in settlement discussions may have, not only on the judge's own views of the case, but also on the perceptions of the lawyers and the parties if the case remains with the judge after settlement efforts are unsuccessful. Among the factors that a judge should consider when deciding upon an appropriate settlement practice for a case are (1) whether the parties have requested or voluntarily consented to a certain level of participation by the judge in settle-

ment discussions, (2) whether the parties and their counsel are relatively sophisticated in legal matters, (3) whether the case will be tried by the judge or a jury, (4) whether the parties participate with their counsel in settlement discussions, (5) whether any parties are unrepresented by counsel, and (6) whether the matter is civil or criminal.

[3] Judges must be mindful of the effect settlement discussions can have, not only on their objectivity and impartiality, but also on the appearance of their objectivity and impartiality. Despite a judge's best efforts, there may be instances when information obtained during settlement discussions could influence a judge's decision making during trial, and, in such instances, the judge should consider whether disqualification may be appropriate. See Rule 2.11(A)(1).

## RULE 2.7

### Responsibility to Decide

A judge shall hear and decide matters assigned to the judge, except when disqualification is required by Rule 2.11 or other law. Administrative reassignment for the purpose of judicial efficiency is not prohibited.

### COMMENT

[1] Judges must be available to decide the matters that come before the court. Although there are times when disqualification is necessary to protect the rights of litigants and preserve public confidence in the independence, integrity, and impartiality of the judiciary, judges must be available to decide matters that come before the courts. Unwarranted disqualification may bring public disfavor to the court and to the judge personally. The dignity of the court, the judge's respect for fulfillment of judicial duties, and a proper concern for the burdens that may be imposed upon the judge's colleagues require that a judge not use disqualification to avoid cases that present difficult, controversial, or unpopular issues.

## RULE 2.8

### Decorum, Demeanor, and Communication with Jurors

(A) A judge shall require order and decorum in proceedings before the court.

(B) A judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, court staff, court officials, and others with whom the judge deals in an official capacity; and shall require similar conduct of lawyers, court staff, court officials, and others subject to the judge's direction and control.

(C) A judge shall not commend or criticize the verdict of the jury other than in a court order or opinion in a proceeding. However, after the conclusion of a trial a judge is encouraged to express appreciation to the jurors for their service to the judicial system and to the community.

### COMMENT

[1] The duty to hear all proceedings with patience and courtesy is not inconsistent with the duty imposed in Rule 2.5 to dispose promptly of the business of the court. Judges can be efficient and businesslike while being patient and deliberate.

[2] Commending or criticizing jurors for their verdict may imply a judicial expectation in future cases and may impair a juror's ability to be fair and impartial in a subsequent case.

[3] A judge who is not otherwise prohibited by law from doing so may meet with jurors who choose to remain after trial but should be careful not to discuss the merits of the case.

## RULE 2.9

### Ex Parte Communications

(A) A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties or their lawyers, concerning a pending or impending matter, except as follows:

(1) When circumstances require it, ex parte communication for scheduling, administrative, or emergency purposes, which does not address substantive matters, is permitted, provided:

(a) the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex parte communication; and

(b) the judge makes provision promptly to notify all other parties of the substance of the ex parte communication, and gives the parties an opportunity to respond.

(2) A judge may obtain the written advice of a disinterested expert on the law applicable to a proceeding before the judge, if the judge gives advance notice to the parties of the person to be consulted and the subject matter of the advice to be solicited, and affords the parties a reasonable opportunity to object and respond to the notice and to the advice received.

(3) A judge may consult with court staff and court officials whose functions are to aid the judge in carrying out the judge's adjudicative responsibilities, or with other judges, provided the judge makes reasonable efforts to avoid receiving factual information that is not part of the record, and does not abrogate the responsibility personally to decide the matter.

(4) With the consent of all parties, the judge and court personnel may have ex parte communication with those involved in a specialized court team. Any party may expressly waive the right to receive that information.

(5) A judge may, with the consent of the parties, confer separately with the parties and their lawyers in an effort to settle matters pending before the judge.

(6) A judge may initiate, permit, or consider any ex parte communication when expressly authorized by law to do so.

(B) If a judge inadvertently receives an unauthorized ex parte communication bearing upon the substance of a matter, the judge shall make provision promptly to notify the parties of the substance of the communication and provide the parties with an opportunity to respond.

(C) A judge shall not investigate facts in a matter independently, and shall consider only the evidence presented and any facts that may properly be judicially noticed. While a judge shall not independently investigate facts in a case, and shall consider only the evidence presented, a judge may seek information of a general nature that does not bear on a disputed evidentiary fact or influence the judge's opinion of the substantive merits a specific case.

(D) A judge shall make reasonable efforts, including providing appropriate supervision, to ensure that this Rule is not violated by court staff, court officials, and others subject to the judge's direction and control.

## COMMENT

[1] To the extent reasonably possible, all parties or their lawyers shall be included in communications with a judge.

[2] Whenever the presence of a party or notice to a party is required by this Rule, it is the party's lawyer, or if the party is unrepresented, the party, who is to be present or to whom notice is to be given.

[3] The proscription against communications concerning a proceeding includes communications with lawyers, law teachers, and other persons who are not participants in the proceeding, except to the limited extent permitted by the Rule.

[4] A judge may initiate, permit, or consider ex parte communications expressly authorized by law, such as when serving on specialized courts, mental health courts, or drug courts. In this capacity, judges may assume a more interactive role with parties, treatment providers, probation officers, social workers, and others.

[5] A judge may consult with other judges on pending matters, but must avoid ex parte discussions of a case with judges who have previously been disqualified from hearing the matter, and with judges who have appellate jurisdiction over the matter.

[6] The prohibition in the rule against a judge investigating the facts in a case independently or through a member of the judge's staff extends to information in all mediums, including electronic ones.

[7] The prohibition does not apply to a judge's effort to obtain general information about a specialized area of knowledge that

does not include the application of such information in a specific case.

[8] The prohibition in this rule does not apply to interstate or state-federal communications among judges on the general topic of case management decisions in mass torts or other complex cases, such as discovery schedules, standard interrogatories, shared discovery depositories, appointment of liaison counsel, committee membership, or common fund structures. If communications of this nature have occurred the judge should disclose these communications to the parties.

[9] A judge may consult ethics advisory committees, outside counsel, or legal experts concerning the judge's compliance with this Code. Such consultations are not subject to the restrictions of paragraph (A)(2).

## RULE 2.10

### Judicial Statements on Pending and Impending Cases

(A) A judge shall not make any public statement that might reasonably be expected to affect the outcome or impair the fairness of a matter pending or impending in any court, or make any nonpublic statement that might substantially interfere with a fair trial or hearing.

(B) A judge shall not, in connection with cases, controversies, or issues that are likely to come before the court, make pledges, promises, or commitments that are inconsistent with the impartial performance of the adjudicative duties of judicial office.

(C) A judge shall require court staff, court officials, and others subject to the judge's direction and control to refrain from making statements that the judge would be prohibited from making by paragraphs (A) and (B).

(D) Notwithstanding the restrictions in paragraph (A), a judge may make public statements in the course of official duties, may explain court procedures, and may comment on any proceeding in which the judge is a litigant in a personal capacity.

(E) Subject to the requirements of paragraph (A), a judge may respond directly or through a third party to allegations in the media or elsewhere concerning the judge's conduct in a matter.

### COMMENT

[1] This Rule's restrictions on judicial speech are essential to the maintenance of the independence, integrity, and impartiality of the judiciary.

[2] Depending upon the circumstances, the judge should consider whether it may be preferable for a third party, rather than the judge, to respond or issue statements in connection with allegations concerning the judge's conduct in a matter.

[3] This Rule does not prohibit a judge from commenting on proceedings in which the judge is a litigant in a personal capacity or represents a client as permitted by these rules. In cases in which the judge is a litigant in an official capacity, such as a writ of mandamus, the judge must not comment publicly.

## RULE 2.11

### Disqualification

(A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:

(1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.

(2) The judge knows that the judge, the judge's spouse, a member of the judge's household, or a person within the third degree of relationship to any of them, or the spouse of such a person is:

(a) a party to the proceeding, or an officer, director, general partner, managing member, or trustee of a party;

(b) acting as a lawyer in the proceeding;

(c) a person who has more than a de minimis interest that could be substantially affected by the proceeding; or

(d) likely to be a material witness in the proceeding.

(3) The judge knows that he or she, individually or as a fiduciary, or the judge's

spouse, parent, or child, or any member of the judge's household, has an economic interest in the subject matter in controversy or is a party to the proceeding.

(4) The judge knows or learns by means of a timely motion that a party, a party's lawyer, or the law firm of a party's lawyer has within the previous four (4) years made aggregate contributions to the judge's campaign in an amount that a reasonable person would believe could affect the fairness of the judge's consideration of a case involving the party, the party's lawyer or the law firm of the party's lawyer. The judge should consider what the public perception would be as to such contributions affecting the judge's ability to be fair to the parties. Contributions within the limits allowed by the Oklahoma Ethics Commission will not normally require disqualification unless other factors are present.

(5) The judge, while a judge or a judicial candidate, has made a public statement, other than in a court proceeding, judicial decision, or opinion, that commits or appears to commit the judge to reach a particular result or rule in a particular way in the proceeding or controversy.

(6) The judge:

(a) served as a lawyer in the matter in controversy, or was associated with a lawyer who participated substantially as a lawyer in the matter during such association;

(b) served in governmental employment, and in such capacity participated personally and substantially as a lawyer or public official concerning the proceeding, or has publicly expressed in such capacity an opinion concerning the merits of the particular matter in controversy;

(c) was a material witness concerning the matter; or

(d) previously presided as a judge over the matter in another court or in any adjudicatory capacity.

(B) A judge shall keep informed about the judge's personal and fiduciary economic interests, and make a reasonable effort to keep informed about the personal economic interests of the judge's spouse and members of the judge's household.

(C) A judge subject to disqualification under this Rule, other than for bias or prejudice under paragraph (A)(1), may disclose on the record the basis of the judge's disqualification and may ask the parties and their lawyers to consider, outside the presence of the judge and court personnel, whether to waive disqualification. If, following the disclosure, the parties and lawyers agree, without participation by the judge or court personnel, that the judge should not be disqualified, the judge may participate in the proceeding. The agreement shall be incorporated into the record of the proceeding.

## COMMENT

[1] Under this Rule, a judge is disqualified whenever the judge's impartiality might reasonably be questioned, regardless of whether any of the specific provisions of paragraphs (A)(1) through (6) apply.

[2] A judge's obligation not to hear or decide matters in which disqualification is required applies regardless of whether a motion to disqualify is filed.

[3] The rule of necessity may override the rule of disqualification. For example, a judge might be required to participate in judicial review of a judicial salary statute, or might be the only judge available in a matter requiring immediate judicial action, such as a hearing on probable cause or a temporary restraining order. In matters that require immediate action, the judge must disclose on the record the basis for possible disqualification and make reasonable efforts to transfer the matter to another judge as soon as practicable.

[4] The fact that a lawyer in a proceeding is affiliated with a law firm with which a relative of the judge is affiliated does not itself disqualify the judge. If, however, the judge's impartiality might reasonably be questioned under paragraph (A), or the relative is known by the judge to have an interest in the law firm that could be substantially affected by the proceeding under paragraph (A)(2)(c), the judge's disqualification is required.

[5] A judge should disclose on the record information that the judge believes the parties or their lawyers might reasonably consider relevant to a possible motion for disqualification, even if the judge believes there is no basis for disqualification.

[6] "Economic interest," as set forth in the Terminology section, means ownership of more than a de minimis legal or equitable interest. Except for situations in which a judge participates in the management of such a legal or equitable interest, or the interest could be substantially affected by the outcome of a proceeding before a judge, it does not include:

(a) an interest in the individual holdings within a mutual or common investment fund;

(b) an interest in securities held by an educational, religious, charitable, fraternal, or civic organization in which the judge or the judge's spouse, parent, child or member of the judge's household serves as a director, officer, advisor, or other participant;

(c) a deposit in a financial institution or deposits or proprietary interests the judge may maintain as a member of a mutual savings association or credit union, or similar proprietary interests; or

(d) an interest in the issuer of government securities held by the judge.

## RULE 2.12

### Supervisory Duties

(A) A judge shall require court staff, court officials, and others subject to the judge's direction and control to act in a manner consistent with the judge's obligations under this Code.

(B) A judge with supervisory authority for the performance of other judges shall take reasonable measures to ensure that those judges properly discharge their judicial responsibilities, including the prompt disposition of matters before them.

### COMMENT

[1] A judge is responsible for his or her own conduct and for the conduct of others, such as staff, when those persons are acting at the judge's direction or control. A judge may not direct court personnel to engage in conduct on the judge's behalf or as the judge's representative when such conduct would violate the Code if undertaken by the judge.

[2] Public confidence in the judicial system depends upon timely justice. To promote the efficient administration of justice, a judge with supervisory authority must take the steps needed to ensure that judges under his or her supervision administer their workloads promptly.

## RULE 2.13

### Administrative Appointments

(A) In making administrative appointments, a judge:

(1) shall exercise the power of appointment impartially and on the basis of merit; and

(2) shall avoid nepotism, favoritism, and unnecessary appointments.

(B) A judge shall not appoint a lawyer to a position if the judge either knows that the lawyer, the lawyer's spouse or a member of the lawyer's household has contributed to the judge's election campaign an amount which a reasonable person would believe could affect the appointment or learns of such a contribution by means of a timely motion by a party or other person properly interested in the matter, unless:

(1) the position is substantially uncompensated;

(2) the lawyer has been selected in rotation from a list of qualified and available lawyers compiled without regard to their having made political contributions; or

(3) the judge or another presiding or administrative judge affirmatively finds that no other lawyer is willing, competent, and able to accept the position

(C) A judge shall not approve compensation of appointees beyond the fair value of services rendered.

### COMMENT

[1] Appointees of a judge include assigned counsel, officials such as referees,

commissioners, special masters, receivers, and guardians, and personnel such as clerks, secretaries, and bailiffs. Consent by the parties to an appointment or an award of compensation does not relieve the judge of the obligation prescribed by paragraph (A).

[2] Unless otherwise defined by law, nepotism is the appointment or hiring of any relative within the third degree of relationship of either the judge or the judge's spouse, member of the judge's household or the spouse of such relative or member of the judge's household.

[3] The rule against making administrative appointments of lawyers who have contributed in excess of a reasonable dollar amount to a judge's election campaign includes an exception for positions that are substantially uncompensated, such as those for which the lawyer's compensation is limited to reimbursement for out-of-pocket expenses.

## RULE 2.14

### Disability and Impairment

A judge having a reasonable belief that the performance of a lawyer or another judge is impaired by drugs or alcohol, or by a mental, emotional, or physical condition, shall take appropriate action, which may include a confidential referral to a lawyer or judicial assistance program.

### COMMENT

[1] "Appropriate action" means action intended and reasonably likely to help the judge or lawyer in question address the problem and prevent harm to the justice system. Depending upon the circumstances, appropriate action may include but is not limited to speaking directly to the impaired person, notifying an individual with supervisory responsibility over the impaired person, or making a referral to an assistance program.

[2] Taking or initiating corrective action by way of referral to an assistance program may satisfy a judge's responsibility under this Rule. Assistance programs have many approaches for offering help to impaired judges and lawyers, such as intervention, counseling, or referral to appropriate health care professionals. Depending upon the gravity of the conduct that has come to the judge's attention, however, the judge may be required to take other action, such as reporting the impaired judge or lawyer to the appropriate authority, agency, or body. See Rule 2.15.

## RULE 2.15

### Responding to Judicial and Lawyer Misconduct

(A) A judge having knowledge that another judge has committed a violation of this Code that raises a substantial question regarding the judge's honesty, trustworthiness, or fitness as a judge in other respects shall inform the appropriate authority.

(B) A judge having knowledge that a lawyer has committed a violation of the Oklahoma Rules of Professional Conduct that raises a substantial question regarding the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects shall inform the appropriate authority.

(C) A judge who receives information indicating a substantial likelihood that another judge has committed a violation of this Code shall take appropriate action.

(D) A judge who receives information indicating a substantial likelihood that a lawyer has committed a violation of the Oklahoma Rules of Professional Conduct shall take appropriate action.

### COMMENT

[1] Taking action to address known misconduct is a judge's obligation. Paragraphs (A) and (B) impose an obligation on the judge to report to the appropriate disciplinary authority the known misconduct of another judge or a lawyer that raises a substantial question regarding the honesty, trustworthiness, or fitness of that judge or lawyer. Ignoring or denying known misconduct among one's judicial colleagues or members of the legal profession undermines a judge's responsibility to participate in efforts to ensure public respect for the justice system. This Rule limits the reporting obligation to those

offenses that an independent judiciary must vigorously endeavor to prevent.

[2] A judge who does not have actual knowledge that another judge or a lawyer may have committed misconduct, but receives information indicating a substantial likelihood of such misconduct, is required to take appropriate action under paragraphs (C) and (D). Appropriate action may include, but is not limited to, communicating directly with the judge who may have violated this Code, communicating with a supervising judge, or reporting the suspected violation to the appropriate authority or other agency or body. Similarly, actions to be taken in response to information indicating that a lawyer has committed a violation of the Rules of Professional Conduct may include but are not limited to communicating directly with the lawyer who may have committed the violation, or reporting the suspected violation to the appropriate authority or other agency or body.

## RULE 2.16

### Cooperation with Disciplinary Authorities

(A) A judge shall cooperate and be candid and honest with judicial and lawyer disciplinary agencies.

(B) A judge shall not retaliate, directly or indirectly, against a person known or suspected to have assisted or cooperated with an investigation of a judge or a lawyer.

### COMMENT

[1] Cooperation with investigations and proceedings of judicial and lawyer discipline agencies, as required in paragraph (A), instills confidence in judges' commitment to the integrity of the judicial system and the protection of the public.

### Canon 3

### Proposed New Oklahoma Code

### Canon 3

A Judge Shall Conduct the Judge's Personal and Extrajudicial Activities to Minimize the Risk of Conflict with the Obligations of Judicial Office.

## RULE 3.1

### Extrajudicial Activities in General

A judge may engage in extrajudicial activities, except as prohibited by law or this Code. However, when engaging in extrajudicial activities, a judge shall not:

(A) participate in activities that will interfere with the proper performance of the judge's judicial duties:

(B) participate in activities that will lead to frequent disqualification of the judge;

(C) participate in activities that would appear to a reasonable person to undermine the judge's independence, integrity, or impartiality;

(D) engage in conduct that would appear to a reasonable person to be coercive; or

(E) make use of court premises, staff, stationery, equipment, or other resources, except for incidental use for activities that concern the law, the legal system, or the administration of justice, or unless such additional use is permitted by law. This Rule is also subject to the exceptions provided for in Rule 4.1A(10) and 4.1C.

### COMMENT

[1] To the extent that time permits, and judicial independence and impartiality are not compromised, judges are encouraged to engage in appropriate extrajudicial activities that concern the law, the legal system, and the administration of justice, such as by speaking, writing, teaching, or participating in scholarly research projects. In addition, judges are permitted and encouraged to engage in educational, religious, charitable, fraternal or civic extrajudicial activities not conducted for profit, even when the activities do not involve the law. See Rule 3.7.

[2] Participation in both law-related and other extrajudicial activities helps integrate judges into their communities, and furthers public understanding of and respect for courts and the judicial system.

[3] Discriminatory actions and expressions of bias or prejudice by a judge, even outside the judge's official or judicial actions, are likely to appear to a reasonable person to call into question the judge's integrity and

impartiality. Examples include jokes or other remarks that demean individuals based upon their race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, or socioeconomic status. See Rule 3.6.

[4] A judge's extrajudicial activities must not be conducted in connection or affiliation with an organization that practices invidious discrimination.

[5] While engaged in permitted extrajudicial activities, judges must not coerce others or take action that would reasonably be perceived as coercive. For example, depending upon the circumstances, a judge's solicitation of contributions or memberships for an organization, even as permitted by Rule 3.7(A), might create the risk that the person solicited would feel obligated to respond favorably, or would do so to curry favor with the judge.

**RULE 3.2**

Appearances before Governmental Bodies and Consultation with Government Officials

A judge shall not appear voluntarily at a public hearing before, or otherwise consult with, an executive or a legislative body or official, except:

(A) in connection with matters concerning the law, the legal system, or the administration of justice;

(B) in connection with matters about which the judge acquired knowledge or expertise in the course of the judge's judicial duties; or

(C) when the judge is acting pro se in a matter involving the judge's legal or economic interests or when the judge is acting in a fiduciary capacity.

**COMMENT**

[1] Judges possess special expertise in matters of law, the legal system, and the administration of justice, and may properly share that expertise with governmental bodies and executive or legislative branch officials.

[2] In appearing before governmental bodies or consulting with governmental officials, judges must be mindful that they remain subject to other provisions of this Code, such as Rule 1.3, prohibiting judges from using the prestige of office to advance their own or others' interests, Rule 2.10, governing public comment on pending and impending matters, and Rule 3.1(C), prohibiting judges from engaging in extrajudicial activities that would appear to a reasonable person to undermine the judge's independence, integrity, or impartiality.

[3] In general, it would be an unnecessary and unfair burden to prohibit judges from appearing before governmental bodies or consulting with government officials on matters that are likely to affect them as private citizens, such as zoning proposals affecting their real property. In engaging in such activities, however, judges must not refer to their judicial positions, and must otherwise exercise caution to avoid using the prestige of judicial office.

**RULE 3.3**

**Testifying as a Character Witness**

A judge shall not testify as a character witness in a judicial, administrative, or other adjudicatory proceeding or otherwise vouch for the character of a person in a legal proceeding, except when duly summoned.

**RULE 3.4**

**Appointments to Governmental Positions**

A judge shall not accept appointment to a governmental committee, board, commission, or other governmental position, unless it is one that concerns the law, the legal system, or the administration of justice, or the judge has the specific approval of the Supreme Court.

**COMMENT**

[1] Rule 3.4 implicitly acknowledges the value of judges accepting appointments to entities that concern the law, the legal system, or the administration of justice. Even in such instances, however, a judge should assess the appropriateness of accepting an appointment, paying particular attention to

the subject matter of the appointment and the availability and allocation of judicial resources, including the judge's time commitments, and giving due regard to the requirements of the independence and impartiality of the judiciary.

[2] A judge may represent his or her country, state, or locality on ceremonial occasions or in connection with historical, educational, or cultural activities. Such representation does not constitute acceptance of a government position.

## RULE 3.5

### Use of Nonpublic Information

A judge shall not intentionally disclose or use nonpublic information acquired in a judicial capacity for any purpose unrelated to the judge's judicial duties.

### COMMENT

[1] In the course of performing judicial duties, a judge may acquire information of commercial or other value that is unavailable to the public. The judge must not reveal or use such information for personal gain or for any purpose unrelated to his or her judicial duties.

[2] This rule is not intended to affect a judge's ability to act on information as necessary to protect the health or safety of any individual if consistent with other provisions of this Code.

## RULE 3.6

### Affiliation with Discriminatory Organizations

(A) A judge shall not hold membership in any organization that practices invidious discrimination.

(B) A judge shall not use the benefits or facilities of an organization if the judge knows or should know that the organization practices invidious discrimination.

(C) A judge's attendance at an event in a facility of an organization that the judge is not permitted to join is not a violation of this Rule when the judge's attendance is an isolated event that could not reasonably be perceived as an endorsement of the organization's practices.

### COMMENT

[1] A judge's public manifestation of approval of invidious discrimination on any basis gives rise to the appearance of impropriety and diminishes public confidence in the integrity and impartiality of the judiciary. A judge's membership in an organization that practices invidious discrimination creates the perception that the judge's impartiality is impaired.

[2] Whether an organization practices invidious discrimination is a complex question to which judges should be attentive. The answer cannot be determined from a mere examination of an organization's current membership rolls, but rather, depends upon how the organization selects members, as well as other relevant factors, such as whether the organization is dedicated to the preservation of religious, ethnic, or cultural values of legitimate common interest to its members, or whether it is an intimate, purely private organization whose membership limitations could not constitutionally be prohibited.

[3] When a judge learns that an organization to which the judge belongs engages in invidious discrimination, the judge must resign immediately from the organization.

[4] A judge's membership in a religious organization as a lawful exercise of the freedom of religion is not a violation of this Rule.

[5] This Rule does not apply to national or state military service.

## RULE 3.7

### Participation in Educational, Religious, Charitable, Fraternal, or Civic Organizations and Activities

(A) Subject to the requirements of Rule 3.1, a judge may participate in activities sponsored by organizations or governmental entities concerned with the law, the legal system, or the administration of justice, and those sponsored by or on behalf of educational, religious, charitable, fraternal, or civic organizations not conducted for profit, in-

cluding but not limited to the following activities:

(1) assisting such an organization or entity in planning related to fund-raising, and participating in the management and investment of the organization's or entity's funds;

(2) soliciting contributions for such an organization or entity, but only from members of the judge's family, members of the judge's household or from judges over whom the judge does not exercise supervisory or appellate authority;

(3) soliciting membership for such an organization or entity, even though the membership dues or fees generated may be used to support the objectives of the organization or entity, but only if the organization or entity is concerned with the law, the legal system, or the administration of justice;

(4) appearing or speaking at, receiving an award or other recognition at, being featured on the program of, and permitting his or her title to be used in connection with an event of such an organization or entity, but if the event serves a fund-raising purpose, the judge may participate only if the event concerns the law, the legal system, or the administration of justice;

(5) making recommendations to such a public or private fund-granting organization or entity in connection with its programs and activities, but only if the organization or entity is concerned with the law, the legal system, or the administration of justice; and

(6) serving as an officer, director, trustee, or nonlegal advisor of such an organization or entity, unless it is likely that the organization or entity:

(a) will be engaged in proceedings that would ordinarily come before the judge; or

(b) will frequently be engaged in adversary proceedings in the court of which the judge is a member, or in any court subject to the appellate jurisdiction of the court of which the judge is a member.

(B) A judge may encourage lawyers to provide pro bono legal services.

(C) Subject to the requirements of Rule 3.1 and Rule 3.7(A) and (B), a judge may:

(1) Provide leadership in:

(a) Identifying and addressing issues involving providing equal access to the justice system;

(b) Developing public education programs;

(c) Engaging in community outreach activities to promote the fair administration of justice; and

(d) Convening, participating or assisting in advisory committees and community collaborations devoted to the improvement of the law, the legal system, the provision of services and/or the administration of justice.

(2) A judge may endorse projects and programs directly related to the law, the legal system, the provision of services and/or the administration of justice.

(3) A judge may participate in programs concerning the law or which promote the administration of justice.

**COMMENT**

[1] The activities permitted by paragraph (A) generally include those sponsored by or undertaken on behalf of public or private not-for-profit educational institutions, and other not-for-profit organizations, including law-related, charitable, and other organizations.

[2] Even for law-related organizations, a judge should consider whether the membership and purposes of the organization, or the nature of the judge's participation in or association with the organization, would conflict with the judge's obligation to refrain from activities that reflect adversely upon a judge's independence, integrity, and impartiality.

[3] Mere attendance at an event, whether or not the event serves a fund-raising purpose, does not constitute a violation of paragraph 4(A). It is also generally permissible for a judge to serve as an usher or a food server or preparer, or to perform similar functions, at fund-raising events sponsored by educational, religious, charitable, fraternal, or civic organizations. Such activities are not solicitation and do not present an element of coercion or abuse the prestige of judicial office.

[4] Identification of a judge's position in educational, religious, charitable, fraternal, or civic organizations on letterhead used for fund-raising or membership solicitation does not violate this Rule. The letterhead may list the judge's title or judicial office if comparable designations are used for other persons.

[5] In addition to appointing lawyers to serve as counsel for indigent parties in individual cases, a judge may promote broader access to justice by encouraging lawyers to participate in pro bono legal services, if in doing so the judge does not employ coercion, or abuse the prestige of judicial office. Such encouragement may take many forms, including providing lists of available programs, training lawyers to do pro bono legal work, and participating in events recognizing lawyers who have done pro bono work.

## RULE 3.8

### Appointments to Fiduciary Positions

(A) A judge shall not accept appointment to serve in a fiduciary position, such as executor, administrator, trustee, guardian, attorney in fact, or other personal representative, except for the estate, trust, or person of a member of the judge's family, or member of the judge's household and then only if such service will not interfere with the proper performance of judicial duties.

(B) A judge shall not serve in a fiduciary position if the judge as fiduciary will likely be engaged in proceedings that would ordinarily come before the judge, or if the estate, trust, or ward becomes involved in adversary proceedings in the court on which the judge serves, or one under its appellate jurisdiction.

(C) A judge acting in a fiduciary capacity shall be subject to the same restrictions on engaging in financial activities that apply to a judge personally.

(D) If a person who is serving in a fiduciary position becomes a judge, he or she must comply with this Rule as soon as reasonably practicable, but in no event later than one year after becoming a judge.

### COMMENT

[1] A judge should recognize that other restrictions imposed by this Code may conflict with a judge's obligations as a fiduciary; in such circumstances, a judge should resign as fiduciary. For example, serving as a fiduciary might require frequent disqualification of a judge under Rule 2.11 because a judge is deemed to have an economic interest in shares of stock held by a trust if the amount of stock held is more than de minimis.

## RULE 3.9

Service as Arbitrator or Mediator

A judge shall not act as an arbitrator or a mediator or perform other judicial functions apart from the judge's official duties unless expressly authorized by law.

### COMMENT

[1] This Rule does not prohibit a judge from participating in arbitration, mediation, or settlement conferences performed as part of assigned judicial duties. Rendering dispute resolution services apart from those duties, whether or not for economic gain, is prohibited unless it is expressly authorized by law.

## RULE 3.10

### Practice of Law

A judge shall not practice law. A judge may act pro se and may, without compensation, give legal advice to and draft or review documents for a member of the judge's family, but is prohibited from serving as the family member's lawyer in any forum.

### COMMENT

[1] A judge may act pro se in all legal matters, including matters involving litigation and matters involving appearances before or other dealings with governmental bodies. A judge must not use the prestige of office to advance the judge's personal or family interests. See Rule 1.3.

[2] This Rule does not prohibit the practice of law pursuant to military service.

## RULE 3.11

### Financial, Business, or Remunerative Activities

(A) A judge may hold and manage investments of the judge, members of the judge's family and members of the judge's household.

(B) A judge shall not serve as an officer, director, manager, general partner, advisor, or employee of any business entity except that a judge may manage or participate in:

(1) a business closely held by the judge, members of the judge's family or members of the judge's household; or

(2) a business entity primarily engaged in investment of the financial resources of the judge, members of the judge's family or members of the judge's household.

(C) A judge shall not engage in financial activities permitted under paragraphs (A) and (B) if they will:

(1) interfere with the proper performance of judicial duties;

(2) lead to frequent disqualification of the judge;

(3) involve the judge in frequent transactions or continuing business relationships with lawyers or other persons likely to come before the court on which the judge serves; or

(4) result in violation of other provisions of this Code.

### COMMENT

[1] Judges are generally permitted to engage in financial activities, including managing real estate and other investments for themselves, for members of their families or members of the judge's household. Participation in these activities, like participation in other extrajudicial activities, is subject to the requirements of this Code. For example, it would be improper for a judge to spend so much time on business activities that it interferes with the performance of judicial duties. See Rule 2.1. Similarly, it would be improper for a judge to use his or her official title or appear in judicial robes in business advertising, or to conduct his or her business or

financial affairs in such a way that disqualification is frequently required. See Rules 1.3 and 2.11.

[2] As soon as practicable without serious financial detriment, the judge must divest himself or herself of investments and other financial interests that might require frequent disqualification or otherwise violate this Rule.

## RULE 3.12

### Compensation for Extrajudicial Activities

The compensation for extrajudicial activities of a judge is controlled and regulated by the Rules of the Ethics Commission or other applicable law. If a judge is permitted to accept extrajudicial compensation under those rules the judge should refrain from accepting such compensation if it would appear to a reasonable person to undermine the judge's independence, integrity or impartiality. (See Rules of Ethics Commission 20–1–9(h).

### COMMENT

[1] A judge may only accept compensation as provided by the Rules of the Ethics Commission or other applicable law. Any compensation that is permitted must be reasonable and commensurate with the task performed. A judge should be mindful, however, that judicial duties must take precedence over other activities. See Rule 2.1.

[2] Compensation derived from extrajudicial activities is subject to public reporting under the Rules of the Ethics Commission.

## RULE 3.13

### Accepting Gifts, Loans, Bequests, Benefits, or Other Things of Value.

(A) A judge shall not accept any gifts, loans, bequests, benefits, or other things of value, if acceptance is prohibited by the Rules of the Ethics Commission or other law or would appear to a reasonable person to undermine the judge's independence, integrity, or impartiality.

(B) Unless otherwise prohibited by the Rules of the Ethics Commission or other law, a judge may accept the following:

(1) items with little intrinsic value, such as plaques, certificates, trophies, and greeting cards;

(2) gifts, loans, bequests, benefits, or other things of value from close personal friends, relatives; or members of the judge's household and their relatives.

(3) ordinary social hospitality;

(4) commercial or financial opportunities and benefits, including special pricing and discounts, and loans from lending institutions in their regular course of business, if the same opportunities and benefits or loans are made available on the same terms to similarly situated persons who are not judges;

(5) rewards and prizes given to competitors or participants in random drawings, contests, or other events that are open to persons who are not judges;

(6) scholarships, fellowships, and similar benefits or awards, if they are available to similarly situated persons who are not judges, based upon the same terms and criteria;

(7) scholarships, fellowships, and similar benefits or awards specifically for judicial education;

(8) books, magazines, journals, audiovisual materials, and other resource materials supplied by publishers on a complimentary basis for official use; or

(9) gifts incident to a public testimonial;

(10) invitations to the judge and the judge's spouse, member of the judges' household, or guest to attend without charge:

(a) an event associated with a bar-related function or other activity relating to the law, the legal system, or the administration of justice; or

(b) an event associated with any of the judge's educational, religious, charitable, fraternal or civic activities permitted by this Code, if the same invitation is offered to nonjudges who are engaged in similar ways in the activity as is the judge; and

(11) gifts, awards, or benefits associated with the business, profession, or other separate activity of a spouse, or member of the judge's household, but that incidentally benefit the judge. However, such benefits provided to a spouse or member of the judge's household are also subject to the same limitation as a judge.

(C) Under the Rules of the Ethics Commission there are specific limitations on a state officer or employee asking for, soliciting, receiving or agreeing to receive things of value from;

(1) a lobbyist or lobbyist principal;

(2) a person who is seeking to do business or doing business with the government entity of which the state officer's or state employee's office or employment to a part; and

(3) a person who has an economic interest in actions or matters before or affecting the governmental entity of which the state officer's or state employee's office or employment is a part.

A judge should carefully examine the Rules of the Ethics Commission to determine the limitations imposed by these Rules on receiving things of value from anyone in one of these three categories.

COMMENT

[1] Whenever a judge accepts a gift or other thing of value without paying fair market value, there is a risk that the benefit might be viewed as intended to influence the judge's decision in a case. Rule 3.13 imposes restrictions upon the acceptance of such benefits, according to the magnitude of the risk. Paragraph (B) identifies circumstances in which the risk that the acceptance would appear to undermine the judge's independence, integrity, or impartiality is low. As the value of the benefit or the likelihood that the source of the benefit will appear before the judge increases, the judge may be prohibited under paragraph (A), or (C) from accepting the gift.

[2] Gift-giving between personal friends and relatives is a common occurrence, and ordinarily does not create an appearance of impropriety or cause reasonable persons to believe that the judge's independence, integrity, or impartiality has been compromised.

[3] Businesses and financial institutions frequently make available special pricing,

discounts, and other benefits, either in connection with a temporary promotion or for preferred customers, based upon longevity of the relationship, volume of business transacted, and other factors. A judge may freely accept such benefits if they are available to the general public, or if the judge qualifies for the special price or discount according to the same criteria as are applied to persons who are not judges. As an example, loans provided at generally prevailing interest rates are not gifts, but a judge could not accept a loan from a financial institution at below-market interest rates unless the same rate was being made available to the general public for a certain period of time or only to borrowers with specified qualifications that the judge also possesses.

[4] Rule 3.13 applies only to acceptance of gifts or other things of value by a judge. Nonetheless, if a gift or other benefit is given to the judge's spouse, or member of the judge's household, it may be viewed as an attempt to evade Rule 3.13 and influence the judge indirectly. Where the gift or benefit is being made primarily to such other persons, and the judge is merely an incidental beneficiary, this concern is reduced. A judge should, however, remind family and household members of the restrictions imposed upon judges, and urge them to take these restrictions into account when making decisions about accepting such gifts or benefits.

[5] Rule 3.13 does not apply to contributions to a judge's campaign for judicial office. Such contributions are governed by other Rules of this Code, including Rules 4.3 and 4.4.

[6] As described in Paragraph (C) of this rule, a person with an economic interest in matters before or affecting the governmental entity served by the recipient would include a party or other person, including a lawyer, who has come or is likely to come before the judge, or whose interests have come or are likely to come before the judge.

## RULE 3.14

### Reimbursement of Expenses and Waivers of Fees or Charges

(A) Unless otherwise prohibited by Rules 3.1 and 3.13(A), or (C) or other law, a judge may accept reimbursement of necessary and reasonable expenses for travel, food, lodging, or other incidental expenses, or a waiver or partial waiver of fees or charges for registration, tuition, and similar items, from sources other than the judge's employing entity, if the expenses or charges are associated with the judge's participation in extrajudicial activities permitted by this Code.

(B) Reimbursement of expenses for necessary travel, food, lodging, or other incidental expenses shall be limited to the actual costs reasonably incurred by the judge and, when appropriate to the occasion, by the judge's spouse, member of the judges' household, or guest.

### COMMENT

[1] Educational, civic, religious, fraternal, and charitable organizations often sponsor meetings, seminars, symposia, dinners, awards ceremonies, and similar events. Judges are encouraged to attend educational programs, as both teachers and participants, in law-related and academic disciplines, in furtherance of their duty to remain competent in the law. Participation in a variety of other extrajudicial activity is also permitted and encouraged by this Code.

[2] Not infrequently, sponsoring organizations invite certain judges to attend seminars or other events on a fee-waived or partial-fee-waived basis, and sometimes include reimbursement for necessary travel, food, lodging, or other incidental expenses. A judge's decision whether to accept reimbursement of expenses or a waiver or partial waiver of fees or charges in connection with these or other extrajudicial activities must be based upon an assessment of all the circumstances. The judge must undertake a reasonable inquiry to obtain the information necessary to make an informed judgment about whether acceptance would be consistent with the requirements of this Code and the Rules of the Ethics Commission.

[3] A judge must assure himself or herself that acceptance of reimbursement or fee waivers would not appear to a reasonable person to undermine the judge's independence, integrity, or impartiality. The factors

that a judge should consider when deciding whether to accept reimbursement or a fee waiver for attendance at a particular activity include:

(a) whether the sponsor is an accredited educational institution or bar association rather than a trade association or a for-profit entity;

(b) whether the funding comes largely from numerous contributors rather than from a single entity and is earmarked for programs with specific content;

(c) whether the content is related or unrelated to the subject matter of litigation pending or impending before the judge, or to matters that are likely to come before the judge;

(d) whether the activity is primarily educational rather than recreational, and whether the costs of the event are reasonable and comparable to those associated with similar events sponsored by the judiciary, bar associations, or similar groups;

(e) whether information concerning the activity and its funding sources is available upon inquiry;

(f) whether the sponsor or source of funding is generally associated with particular parties or interests currently appearing or likely to appear in the judge's court, thus possibly requiring disqualification of the judge under Rule 2.11;

(g) whether differing viewpoints are presented; and

(h) whether a broad range of judicial and nonjudicial participants are invited, whether a large number of participants are invited, and whether the program is designed specifically for judges.

(i) whether the sponsor or the source of funding is a member of one of the three restricted categories of givers described in paragraph (B) and in the Rules of the Ethics Commission.

## RULE 3.15

### Reporting Requirements

A judge shall publicly report the amount or value of compensation or other things of value as required by the Rules of the Ethics Commission or pursuant to applicable law;

## Canon 4

### Proposed New Oklahoma Code

Canon 4

A Judge or Candidate for Judicial Office Shall Not Engage in Political or Campaign Activity That Is Inconsistent with the Independence, Integrity, or Impartiality of the Judiciary.

## RULE 4.1

### Political and Campaign Activities of Judges and Judicial Candidates in General

(A) Except as permitted by law, or by Rules 4.2, 4.3, and 4.4, a judge or a judicial candidate shall not:

(1) act as a leader in, or hold an office in, a political organization;

(2) make speeches on behalf of a political organization; or another candidate for public office.

(3) publicly endorse or oppose another candidate for any public office;

(4) solicit funds for, pay an assessment to, or make a contribution to a political organization or another candidate for public office;

(5) attend or purchase tickets for dinners or other events sponsored by a political organization or another candidate for public office provided that the exception granted to a candidate for judicial office pursuant to Title 20 O.S. § 1404.1(1) shall also be granted to a judge who is a candidate for judicial election.

(6) publicly identify himself or herself as a candidate of a political organization;

(7) seek, accept, or use endorsements from a political organization;

(8) personally solicit or accept campaign contributions other than through a campaign committee authorized by Rule 4.4;

(9) use or permit the use of campaign contributions for the private benefit of the judge, the candidate, or others;

(10) require or compel court staff to aid or assist in a campaign for judicial office or use court resources in such a campaign;

(11) knowingly, or with reckless disregard for the truth, make any false or misleading statement

(12) make any statement that would reasonably be expected to affect the outcome or impair the fairness of a matter pending or impending in any court; or

(13) in connection with cases, controversies, or issues that are likely to come before the court, make pledges, promises, or commitments that are inconsistent with the impartial performance of the adjudicative duties of judicial office.

(14) knowingly or with reckless disregard for the truth misrepresent the identity, qualifications, present position or other fact concerning the candidate or an opponent.

(B) A judge or judicial candidate shall take reasonable measures to ensure that other persons do not undertake, on behalf of the judge or judicial candidate, any activities prohibited under paragraph (A).

(C) For campaign purposes photographs may be taken in a courtroom by a judge or judicial candidate, but not while the court is in session.

## COMMENT

### GENERAL CONSIDERATIONS

[1] The State of Oklahoma has a compelling interest in maintaining the independence, integrity and impartiality of the judiciary, thus enhancing public confidences in the judicial system. Even when subject to public election, a judge plays a role different from that of a legislator or executive branch official. Rather than making decisions based upon the expressed views or preferences of the electorate, a judge makes decisions based upon the law and the facts of every case. Therefore, in furtherance of this interest, judges and judicial candidates must, to the greatest extent possible, be free and appear to be free from political influence and political pressure. This Canon imposes narrowly tailored restrictions upon the political and campaign activities of all judges and judicial candidates, taking into account the various methods of selecting judges and the constitutional provisions governing free speech and expressive association.

[2] When a person becomes a judicial candidate, this Canon becomes applicable to his or her conduct. A successful candidate for judicial office is subject to discipline under the Code for violation of any of the Rules set forth in Canon 4, even if the candidate was not a judge during the period of candidacy. An unsuccessful candidate who is a lawyer is subject to discipline under the Oklahoma Rules of Professional Conduct.

### PARTICIPATION IN POLITICAL ACTIVITIES

[3] Public confidence in the independence and impartiality of the judiciary is eroded if judges or judicial candidates are perceived to be subject to political influence. Although judges and judicial candidates may register to vote as members of a political party, they are prohibited by paragraph (A)(1) from assuming leadership roles in political organizations.

[4] Paragraphs (A)(2) and (A)(3) prohibit judges and judicial candidates from making speeches on behalf of political organizations or publicly endorsing or opposing a candidate for another public office to prevent them from abusing the prestige of judicial office to advance the interests of others. See Rule 1.3. These Rules do not prohibit candidates from campaigning on their own behalf or opposing candidates for the same judicial office for which they are running. See Rules 4.2(B)(2) and 4.2(B)(3).

[5] Although members of the families of judges and judicial candidates are free to engage in their own political activity, including running for public office, there is no "family exception" to the prohibition in paragraph (A)(3) against a judge or candidate publicly endorsing candidates for public office. A judge or judicial candidate must not become involved in, or publicly associated with, a family member's political activity or campaign for public office. To avoid public

misunderstanding, judges and judicial candidates should take, and should urge members of their families to take, reasonable steps to avoid any implication that they endorse any family member's candidacy or other political activity.

[6] Judges and judicial candidates retain the right to participate in the political process as voters in both primary and general elections.

## STATEMENTS AND COMMENTS MADE DURING A CAMPAIGN FOR JUDICIAL OFFICE

[7] Judicial candidates must be scrupulously fair and accurate in all statements made by them and by their campaign committees. Paragraphs (A)(11) and A(14) obligate candidates and their committees to refrain from making statements that are false or misleading, or that omit facts necessary to make the communication considered as a whole not materially misleading.

[8] Judicial candidates are sometimes the subject of false, misleading, or unfair allegations made by opposing candidates, third parties, or the media. For example, false or misleading statements might be made regarding the identity, present position, experience, qualifications, or judicial rulings of a candidate. In other situations, false or misleading allegations may be made that bear upon a candidate's integrity or fitness for judicial office. As long as the candidate does not violate paragraphs (A)(11), (A)(12), (A)(13), or A(14) the candidate may make a factually accurate public response. In addition, when an independent third party has made unwarranted attacks on a candidate's opponent, the candidate may disavow the attacks, and request the third party to cease and desist.

[9] Subject to paragraph (A)(12), a judicial candidate is permitted to respond directly to false, misleading, or unfair allegations made against him or her during a campaign, although it is preferable for someone else to respond if the allegations relate to a pending case.

[10] Paragraph (A)(12) prohibits judicial candidates from making comments that might impair the fairness of pending or impending judicial proceedings. This provision does not restrict arguments or statements to the court or jury by a lawyer who is a judicial candidate, or rulings, statements, or instructions by a judge that may appropriately affect the outcome of a matter.

## PLEDGES, PROMISES, OR COMMITMENTS INCONSISTENT WITH IMPARTIAL PERFORMANCE OF THE ADJUDICATIVE DUTIES OF JUDICIAL OFFICE

[11] The role of a judge is different from that of a legislator or executive branch official, even when the judge is subject to public election. Campaigns for judicial office must be conducted differently from campaigns for other offices. The narrowly drafted restrictions upon political and campaign activities of judicial candidates provided in Canon 4 allow candidates to conduct campaigns that provide voters with sufficient information to permit them to distinguish between candidates and make informed electoral choices.

[12] Paragraph (A)(13) makes applicable to both judges and judicial candidates the prohibition that applies to judges in Rule 2.10(B), relating to pledges, promises, or commitments that are inconsistent with the impartial performance of the adjudicative duties of judicial office.

[13] The making of a pledge, promise, or commitment is not dependent upon, or limited to, the use of any specific words or phrases; instead, the totality of the statement must be examined to determine if a reasonable person would believe that the candidate for judicial office has specifically undertaken to reach a particular result. Pledges, promises, or commitments must be contrasted with statements or announcements of personal views on legal, political, or other issues, which are not prohibited. When making such statements, a judge should acknowledge the overarching judicial obligation to apply and uphold the law, without regard to his or her personal views.

[14] A judicial candidate may make campaign promises related to judicial organization, administration, and court management, such as a promise to dispose of a backlog of cases, start court sessions on time, or avoid

favoritism in appointments and hiring. A candidate may also pledge to take action outside the courtroom, such as working toward an improved jury selection system, or advocating for more funds to improve the physical plant and amenities of the courthouse.

[15] Judicial candidates may receive questionnaires or requests for interviews from the media and from issue advocacy or other community organizations that seek to learn their views on disputed or controversial legal or political issues. Paragraph (A)(13) does not specifically address judicial responses to such inquiries, but candidates should proceed with caution if they choose to respond to such questionnaire or requests. Depending upon the wording and format of such questionnaires, candidates' responses might be viewed as pledges, promises, or commitments to perform the adjudicative duties of office other than in an impartial way. To avoid violating paragraph (A)(13), therefore, candidates who respond to media and other inquiries should also give assurances that they will keep an open mind and will carry out their adjudicative duties faithfully and impartially if elected. Candidates who do not respond may state their reasons for not responding, such as the danger that answering might be perceived by a reasonable person as undermining a successful candidate's independence or impartiality, or that it might lead to frequent disqualification. See Rule 2.11

## RULE 4.2

### Political and Campaign Activities of Judicial Candidates in Public Elections

(A) A judicial candidate in a public election shall:

(1) act at all times in a manner consistent with the independence, integrity, and impartiality of the judiciary;

(2) comply with all applicable election, election campaign, and election campaign fund-raising laws and regulations of the State of Oklahoma;

(3) review and approve the content of all campaign statements and materials produced by the candidate or his or her campaign committee, as authorized by Rule 4.4, before their dissemination; and

(4) take reasonable measures to ensure that other persons do not undertake on behalf of the candidate activities, other than those described in Rule 4.4, that the candidate is prohibited from doing by Rule 4.1.

(B) A candidate for elective judicial office may, unless prohibited by law, and not earlier than 180 days before the beginning of the filing period for the judicial office:

(1) establish a campaign committee pursuant to the provisions of Rule 4.4;

(2) speak on behalf of his or her candidacy through any medium, including but not limited to advertisements, websites, or other campaign literature;

(3) seek, accept, or use endorsements from any person or organization other than a partisan political organization; and

## COMMENT

[1] Paragraph (B) permits judicial candidates in public elections to engage in some political and campaign activities otherwise prohibited by Rule 4.1. Candidates may not engage in these activities earlier than 180 days before the beginning of the filing period for the judicial office.

[2] Despite paragraph (B) judicial candidates for public election remain subject to many of the provisions of Rule 4.1. For example, a candidate continues to be prohibited from soliciting funds for a political organization, knowingly making false or misleading statements during a campaign, or making certain promises, pledges, or commitments related to future adjudicative duties. See Rule 4.1(A), paragraphs (4), (11), (13) and (14).

[3] In nonpartisan public elections or retention elections, paragraph (B)(4) prohibits a candidate from seeking, accepting, or using nominations or endorsements from a partisan political organization.

[4] Justices or judges who are subject to a retention election are sometimes publicly supported or opposed by individuals or or-

ganizations, including political organizations. If such a justice or judge is opposed by individuals or organizations the justice or judge has all of the rights and responsibilities as any other candidate for judicial office. However, justices or judges who are standing for retention and who have not drawn active opposition, are not permitted to seek endorsements from any individual or organization, or to use such endorsements to further their campaign.

## RULE 4.3

### Activities of Candidates for Appointive Judicial Office

A candidate for appointment to judicial office may:

(A) communicate with the appointing or confirming authority, including any selection, screening, or nominating commission or similar agency; and

(B) seek endorsements for the appointment from any person or organization other than a partisan political organization.

### COMMENT

[1] When seeking support or endorsement, or when communicating directly with an appointing or confirming authority, a candidate for appointive judicial office must not make any pledges, promises, or commitments that are inconsistent with the impartial performance of the adjudicative duties of the office. See Rule 4.1(A)(13).

[2] Candidates for appointive judicial office have no need to raise or spend campaign funds. Accordingly, they are not only prohibited from personally soliciting or personally accepting campaign contributions, but are also prohibited from establishing campaign committees for this purpose.

## RULE 4.4

### Campaign Committees

(A) A judicial candidate subject to public election may establish a campaign committee to manage and conduct a campaign for the candidate, subject to the provisions of this Code. The candidate is responsible for ensuring that his or her campaign committee complies with applicable provisions of this Code and other applicable law.

(B) A judicial candidate subject to public election shall direct his or her campaign committee:

(1) to solicit and accept only such campaign contributions as are permitted by law. Rule 2.11(4).

(2) not to solicit or accept contributions for a candidate's current campaign more than 180 days before the beginning of the filing period for the judicial election. nor more than 60 days after the last election in which the candidate participated; and

(3) Candidates for judicial office subject to public elections shall direct their campaign committees to comply with all applicable statutory requirements for disclosure of campaign contributions, and to file with the Oklahoma Ethics Commission at the time and in the manner specified by the Commission a report stating the name, address, occupation, and employer of each person who has made campaign contributions to the committee in an aggregate value exceeding the amount established by the Oklahoma Ethics Commission for reporting campaign contributions.

(4) Candidates for judicial office subject to public election shall comply with the rules of the Oklahoma Ethics Commission concerning the dissolution of the candidate's campaign committee and the use of surplus funds of the campaign as set out in Title 74 Oklahoma Statutes Chapter 62, Appendix to Article 257, Sections 10–1–19 and 10–1–20, except that a candidate may not transfer funds to be used for a political activity other than his or her own future election campaign as permitted by the Rules of the Ethics Commission and may not transfer any surplus funds to a state or local central committee of a political party.

### COMMENT

[1] Judicial candidates are prohibited from personally soliciting campaign contributions or personally accepting campaign contributions. See Rule 4.1(A)(8). This Rule recognizes that in many jurisdictions, judicial candidates must raise campaign funds to support their candidacies, and permits candidates, other than candidates for appointive

judicial office, to establish campaign committees to solicit and accept reasonable financial contributions or in-kind contributions. See Comment 2 under Rule 4.3.

[2] Campaign committees may solicit and accept campaign contributions, manage the expenditure of campaign funds, and generally conduct campaigns. Candidates are responsible for compliance with the requirements of Rules of the Ethics Commission, election law and other applicable law, and for the activities of their campaign committees.

[3] At the start of a campaign, the candidate must instruct the campaign committee to solicit or accept only such contributions as are in conformity with the Rules of the Ethics Commission and other applicable law.

## RULE 4.5

### Activities of Judges Who Become Candidates for Nonjudicial Office

(A) Upon becoming a candidate for a nonjudicial elective office, a judge shall resign from judicial office, unless permitted by law to continue to hold judicial office.

(B) Upon becoming a candidate for a nonjudicial appointive office, a judge is not required to resign from judicial office, provided that the judge complies with the other provisions of this Code.

### COMMENT

[1] In campaigns for nonjudicial elective public office, candidates may make pledges, promises, or commitments related to positions they would take and ways they would act if elected to office. Although appropriate in nonjudicial campaigns, this manner of campaigning is inconsistent with the role of a judge, who must remain fair and impartial to all who come before him or her. The potential for misuse of the judicial office, and the political promises that the judge would be compelled to make in the course of campaigning for nonjudicial elective office, together dictate that a judge who wishes to run for such an office must resign upon becoming a candidate.

[2] The "resign to run" rule set forth in paragraph (A) ensures that a judge cannot use the judicial office to promote his or her candidacy, and prevents post-campaign retaliation from the judge in the event the judge is defeated in the election. When a judge is seeking appointive nonjudicial office, however, the dangers are not sufficient to warrant imposing the "resign to run" rule.

## RULE 4.6

### STATEMENT OF CANDIDATE FOR JUDICIAL OFFICE

(A) In all judicial elections within ten (10) days after formally announcing and/or qualifying for election or reelection (whichever is earlier) to any judicial office in the State of Oklahoma, all candidates, including incumbent judges, shall forward written notice of such candidacy, together with the candidate's correct mailing address, current telephone number, e-mail address, facsimile (telefax) number and actual physical address to the Administrative Director of the Courts.

(B) Upon receipt of the notice, the Administrative Director shall by Certified Mail, Return Receipt Requested, cause to be distributed to each candidate who has filed a notice copies of the following:

(1) The Code of Judicial Conduct

(2) Summaries of all previous Formal Advisory Opinions, if any, issued by the Judicial Ethics Panel which relate in any way to campaign conduct and practices.

(3) The Acknowledgment Form

(C) The Acknowledgment Form shall be executed and returned by the candidate to the Administrative Director of the Courts within ten (10) days of its delivery to the candidate as shown by the Certified Mail Receipt.

(D) The Acknowledgment Form shall certify that the candidate has received, has read, and understands the requirements of the Oklahoma Code of Judicial Conduct and agrees to comply with and be bound by the Code during the course of his/her campaign for the judicial office. The Acknowledgment Form shall be in substantially the following form:

## STATEMENT OF CANDIDATE FOR JUDICIAL OFFICE

I, _____, a candidate for judicial office in the State of Oklahoma, have received, have read, understand and agree to comply with the Oklahoma Code of Judicial Conduct during the course of my campaign for judicial office. I specifically understand that if I were to violate the terms of the Code I would be subject to discipline under the Code or under the Rules of Professional Conduct for lawyers.

_____
Date

_____
Signature of Candidate

(E) The failure of a candidate to file the notice as required in Rule 4.6(A) or to file the Acknowledgment Form as required in Rule 4.6(C) shall constitute a Per Se Violation of Canon 4 of the Oklahoma Code of Judicial Conduct and will be a basis for discipline under the Code.

(F) Upon request, the documents executed by a candidate for judicial election in accordance with this Rule shall be made available to the Oklahoma Supreme Court, The General Counsel of the Oklahoma Bar Association, The Professional Responsibility Panel on Judicial Elections and the Council on Judicial Complaints.